The Koegel Group LLP
161 Avenue of the Americas
New York, New York  10013
(212) 255-7744

*Attorneys for Defendant Marisol Escobar*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID WALDMAN and DIANE WALDMAN,

                Plaintiffs,

- against -

MARISOL ESCOBAR,

                Defendant.

---

08 Civ. 6405 (HB)

ANSWER

Defendant, MARISOL ESCOBAR, by her attorneys, The Koegel Group LLP, hereby answers the Complaint of Plaintiffs, David Waldman and Diane Waldman, as follows:

    1.     Defendant denies the effort to circumvent a time-barred sales contract claim by alleging fraud but defers to the Complaint itself for any accurate distillation and is without knowledge sufficient to form a belief as to whether there is proper jurisdiction based on diversity of citizenship between the parties.

    2.     Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the allegations in paragraph 2 of the Complaint.

    3.     Defendant admits the allegations of paragraph 3 and 4 of the Complaint.

    4.     Defendant denies the allegations of paragraph 5 of the Complaint except accepts the Southern District of New York as a proper and the most appropriate forum.

    5.     Defendant is without sufficient knowledge or information to form a belief as to the accuracy of the allegations in paragraph 6 of the Complaint.

6. Defendant denies the allegations of paragraph 7 of the Complaint except admits that in October 2002 a payment was tendered purportedly for the possible acquisition of two sculptural works, one entitled *Mimi* and one entitled *Magritte*.

7. Defendant denies upon information and belief the allegations contained in paragraph 8 of the Complaint.

8. Defendant denies the allegations of paragraph 9 of the Complaint.

9. Defendant denies the allegations of paragraph 10 of the Complaint except denies upon information and belief that the documents annexed to the Complaint referred to as "invoices" contain genuine signatures of the Defendant.

10. Defendant denies upon information and belief the allegations in paragraph 11 of the Complaint except admits that Defendant received a check dated October 18, 2002 in the amount of $60,000 from a company entitled "Allergy and Asthmatic Diseases".

11. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 12 of the Complaint.

12. Defendant denies the allegations of paragraph 13 of the Complaint except admits that the artwork entitled *Magritte* may have been released and transported to the Plaintiffs.

13. Defendant denies the allegations of paragraph 14 of the Complaint.

14. Defendant denies the allegations of paragraph 15 of the Complaint except admits that a check from the company Allergy and Asthmatic Diseases dated October 18, 2002 was deposited on or about January 14, 2003.

15. Defendant denies the allegations of paragraph 16 of the Complaint.

16. Defendant denies the allegations of paragraph 17 of the Complaint except admits that by a check dated February 23, 2003, Defendant paid Plaintiffs $35,000 in full and complete

satisfaction of a termination of any proposed acquisition of *Mimi* and this payment was accepted by the Plaintiffs.

17. Defendant denies the allegations of paragraph 18 of the Complaint.

18. Defendant is without sufficient knowledge or information to form a belief as to the allegations in paragraph 19 of the Complaint except admits that Defendant's artwork entitled *Mimi* appeared in the March 2008 edition of the magazine, *Art in America*.

19. Defendant admits the allegation of paragraph 20 of the Complaint.

20. Defendant denies the allegation of paragraph 21 of the Complaint except admits the receipt of letters dated April 7, 2008 and April 20, 2008 from Plaintiff's attorney and defers to those documents for the true and accurate contents thereof.

21. Defendant admits refusing to accept any and all demands contained in letters dated April 7, 2008 and April 20, 2008.

22. Defendant denies the allegations of paragraph 23 of the Complaint except admits that the value of Defendant's sculptural work entitled *Mimi* has increased in value since 2002.

## DEFENSES

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to any right to plead additional defenses as facts of the matter warrant, Defendant hereby asserts the following defenses:

### FIRST DEFENSE

The Complaint fails to state a claim upon which any legal or equitable relief may be granted.

## SECOND DEFENSE

The actions and the claims set forth in the Complaint are barred and cannot be maintained because the action was not commenced within the applicable statute of limitation.

## THIRD DEFENSE

No binding contract for the sale of *Mimi* was ever made due to a failure to comply with the applicable statute of frauds.

## FOURTH DEFENSE

Defendant fully satisfied and discharged any alleged entitlement to receive the sculptural work entitled *Mimi* by paying Plaintiffs the full amount tendered which was received and accepted as a full refund.

## FIFTH DEFENSE

Defendant's payment to Plaintiffs in February 2003 constituted a full accord and satisfaction of any contractual obligations that may have existed with regard to the sculptural work entitled *Mimi*.

## SIXTH DEFENSE

The Plaintiffs lack standing to bring this claim since they made no payments to the Defendant.

## SEVENTH DEFENSE

The agreement which Plaintiff seeks to enforce and the remedy which Plaintiff seeks to impose are unconscionable under §2 – 302 of the Uniform Commercial Code and under general principles of contract law.

EIGHTH DEFENSE

Any request by Plaintiff for equitable relief would be barred by the principle of unclean hands.

WHEREFORE, Defendant respectfully requests that judgment be entered in her favor: i) that Plaintiff not recover any of the relief requested in the Complaint; ii) that the Complaint be dismissed in its entirety; and iii) that Defendant be awarded the costs of the action and such other relief as the Court deems just and proper.

Dated: New York, New York
      August 25, 2008

THE KOEGEL GROUP LLP

By: *[signature]*
   John B. Koegel (JK-4762)

161 Avenue of the Americas
New York, New York 10013-1205
(212) 255-7744
jbk@artlaw.biz
*Attorneys for Defendant*

TO:   Vivian Shevitz, Esq.
        46 Truesdale Lake Drive
        South Salem, New York 10590
        *Attorney for Plaintiffs*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        )  ss.:
COUNTY OF NEW YORK      )

SALOME M. KRELL, being duly sworn, states:

1. I am a non-party to this action, over the age of 18 years, having an address at 161 Avenue of the Americas, New York, New York 10013-1205.

2. On August 25, 2008 I served the foregoing ANSWER on counsel for all parties by 1st Class Mail to the following:

>Vivian Shevitz, Esq.
>46 Truesdale Lake Drive
>South Salem, New York 10590

_____
Salomé M. Krell

Sworn to before me this
25th day of August, 2008

_____
Notary Public
JOHN B. KOEGEL
NOTARY PUBLIC, State of New York
No. 02KO4705858
Qualified in New York County
Commission Expires Sept. 30, 2009

Index No. 08 Civ. 6405 (HB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID WALDMAN and DIANE WALDMAN,

-against-

Plaintiffs,

MARISOL ESCOBAR,

Defendant.

ANSWER

THE KOEGEL GROUP LLP
161 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10013
(212) 255-7744